IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL ACTION

| | |
|---|---|
| MAYO CLINIC JACKSONVILLE, INC.<br>a Florida Corporation<br>4500 San Pablo Road<br>Jacksonville, Florida 32224<br><br>MAYO FOUNDATION FOR MEDICAL<br>EDUCATION AND RESEARCH<br>a Minnesota Corporation<br>200 SW First Street<br>Rochester, Minnesota 55902<br><br>MYRIAD GENETICS INC.<br>a Delaware Corporation<br>320 Wakara Way<br>Salt Lake City, Utah 84108<br><br>MYRIAD PHARMACEUTICALS INC.<br>a Delaware Corporation<br>320 Wakara Way<br>Salt Lake City, Utah 84108,<br><br>        Plaintiff,<br><br>vs.<br><br>ALZHEIMER'S INSTITUTE OF AMERICA, INC.<br>a Florida Corporation<br>1300 N. 78th Street<br>Kansas City, Kansas 66112,<br><br>        Defendant. | Case No. 05-02296<br>Division B |

## ANSWER

Defendant, Alzheimer's Institute of America, Inc. ("AIA"), files its Answer and Affirmative Defenses to Plaintiffs Mayo Clinic Jacksonville, Inc., Mayo Foundation for Medical Education and Research, Myriad Genetics Inc., and Myriad Pharmaceuticals Inc.'s Complaint, and states as follows:

{TP173198;2}
CWDOCS 415068v2

## RESPONSE TO GENERAL ALLEGATIONS

1. AIA is equally bound by the requirement of confidentiality and admits that the sensitive nature of these proceedings requires the filing of all documents in this action, not just Plaintiffs' Amended Complaint, under seal. Because the matter which Plaintiffs have pled is not subject to arbitration, to the extent that the other allegations of paragraph 1 state that arbitration and mediation is required in this dispute, AIA denies these allegations.

2. AIA denies the allegations of paragraph 2, except that the dispute may involve more than $15,000 exclusive of attorneys' fees and costs.

3. Denied.

4. Without knowledge and therefore denied.

5. Without knowledge and therefore denied.

6. Without knowledge and therefore denied.

7. Admitted.

8. Denied.

## RESPONSE TO COUNT I

9. Defendant realleges and incorporates the allegations of paragraphs 1-8 as if fully stated herein.

10. Denied.

{TP173198;2}
CWDOCS 415068v2

## RESPONSE TO COUNT II

11. Defendant realleges and incorporates the allegations of paragraphs 1-8 as if fully stated herein.

12. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' complaint, and each count thereof, fails to state a claim upon which relief can be granted.

2. Venue is not proper in this court for this action.

3. This court lacks personal jurisdiction over all of the parties.

4. This court lacks jurisdiction over the action in that the underlying cause of action is for patent infringement, which can be litigated only in federal court.

5. Defendant reserves the right, pursuant to 28 U.S.C. § 1441, to remove this case to federal court.

6. Plaintiffs are barred from any equitable relief by the doctrine of unclean hands.

7. Plaintiffs' complaint, and each count thereof, fails because the underlying cause of action does not fall under the agreement containing the arbitration clause in question.

8. Defendant reserves the right to amend its answer and allege any and all affirmative defenses that cannot be alleged in this answer due to their sensitive nature and the fact that the documents filed in this case have not yet been placed under seal.

9. Defendant reserves the right to amend its answer and allege any and all other affirmative defenses that become apparent during discovery for this action.

## COUNTERCLAIMS

1. Owing to a mutual obligation of confidentiality, Plaintiffs have not specifically pled the nature of their action to an extent that Defendant is uncertain what counterclaims must be presented; however, to the extent that the Court may compel arbitration of what Defendant believes is a patent infringement action and, further, because Defendant has claims which are distinct from and in addition to the patent infringement, Defendant asserts that it does have claims against Plaintiff which may be submitted to arbitration but is prohibited by the mutual confidentiality obligation from describing the nature of these claims except under seal, and Defendant will particularly state such claims once the Court has authorized such filing under seal.

WHEREFORE, having fully answered Plaintiffs Mayo Clinic Jacksonville, Inc., Mayo Foundation for Medical Education and Research, Myriad Genetics Inc., and Myriad Pharmaceuticals Inc.'s Complaint, Defendant Alzheimer's Institute of America, Inc. respectfully requests that said Complaint be dismissed, that Defendant be awarded its costs, and that the Court enter such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ Pedro F. Bajo
Pedro F. Bajo, Jr., FBN: 966029
AKERMAN SENTERFITT
Post Office Box 3273
100 S. Ashley Drive, Suite 1500
Tampa, Florida 33601-3273
Tel: (813) 223-7333
Fax: (813) 223-2837


LATHROP & GAGE L.C.

Frederick K. Starrett  KS# 9425
Jeffrey R. King  KS# 20735
Building 82, Suite 1000
10851 Mastin Boulevard
Overland Park, Kansas 66210-1669
Telephone:  (913) 451-5100
Telecopier:  (913) 451-0875

David V. Clark
KS FED # 70014
Email: dclark@lathropgage.com
William A. Rudy
MO # 36996
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier: (816) 292-2001
ATTORNEYS FOR DEFENDANT

{TP173198;2}
CWDOCS 415068v2

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served via U.S. First-Class Mail, postage prepaid, on the following counsel of record this 3 1st day of March 2005.

Jon P. Tasso
FOLEY & LARDNER LLP
100 N. Tampa Street #2700
P.O. Box 3391
Tampa, FL 33601-3391

Jonathan E. Singer
Michael J. Kane
Courtney Nelson Wills
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402

_____
Attorney For Defendant

{TP173198;2}
CWDOCS 415068v2