IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAYO CLINIC JACKSONVILLE,
MAYO FOUNDATION FOR MEDICAL
EDUCATION AND RESEARCH,
MYRIAD GENETICS, INC., AND
MYRIAD PHARMACEUTICALS, INC.,

      Plaintiffs,

v.

      Case No. 8:05-cv-639-T23-TBM;
              8:05-cv-1049-T23-TBM

ALZHEIMER'S INSTITUTE OF AMERICA, INC.,

      Defendant.
_____/

**MOTION TO REOPEN CASE, LIFT STAY AND
SCHEDULE CASE MANAGEMENT CONFERENCE**

Defendant, Alzheimer's Institute of America, Inc. ("AIA") files its Motion to Reopen Case, Lift Stay and Schedule Case Management Conference ("Motion") and states as follows:

Pursuant to Local Rule 3.01(g), prior to filing this Motion, attorneys for AIA consulted with counsel for Mayo Clinic Jacksonville and Mayo Foundation for Medical Education and Research (collectively, the "Mayo Parties"), as well as counsel for Myriad Genetics, Inc., and Myriad Pharmaceuticals, Inc. (the "Myriad Parties"). All parties agreed that it is appropriate to reopen the case, lift the stay, and schedule a case management conference; however, the parties were unable to agree on the form of this Motion. Accordingly, AIA is filing this Motion in order to file a forthcoming Motion to Confirm the Arbitration Opinion as required by the FAA and to proceed with the underlying litigation. Plaintiffs have indicated their intention to file a response to this motion.

{TP361497;6}

## Background and Procedural History

1.  On December 18, 2003, AIA sued the Mayo Parties and the Myriad Parties. That lawsuit was filed in District Court in Kansas (the "Kansas Lawsuit").

2.  On March 11, 2005, the Mayo Parties and the Myriad Parties filed this action in Hillsborough County Circuit Court seeking to compel arbitration (the "Tampa Lawsuit").

3.  On March 31, 2005, AIA filed its Answer, Affirmative Defenses and Counterclaim and its Notice of Removal of the Tampa Lawsuit to this Court resulting in the above-styled litigation[Dkt #1-3]. Although confidentiality provisions were cited by both parties, in their respective filings, it was noted that the dispute involved patent infringement relating to genetic material [Dkt #1].

4.  On June 1, 2005, AIA transferred the Kansas Lawsuit to this Court and on June 6, 2005 this Court accepted that transfer resulting in Case No. 8:05-cv-1049-T-26TBM.

5.  On June 27, 2005, the Mayo Parties and the Myriad Parties filed an Unopposed Motion to Transfer and Consolidate seeking to consolidate the Kansas Lawsuit with the Tampa Lawsuit. [Dkt #20].

6.  On July 28, 2005, the Mayo Parties and the Myriad Parties filed their Amended Complaint [Dkt #25] and on September 2, 2005 AIA filed its Answer to Amended Complaint and its Amended Counterclaim [Dkt #33].

7.  On September 19, 2005, this Court entered an endorsed Order granting the Mayo Parties' and Myriad Parties' Unopposed Motion to extend the time for response to the Amended Counterclaim, until October 26, 2005 [Dkt #38].

8.  On October 13, 2005, this Court ordered arbitration of this matter in accordance with a License Agreement between the Mayo Parties, the Myriad Parties and AIA. In the same Order, the Court consolidated the Kansas Lawsuit and Tampa Lawsuit and stayed the litigation

pending arbitration. The Court also ordered administrative closure of this case. [Dkt #40]. At the time of the Court's order, this case was in the initial pleading stage.

9. This Court's Order required the parties to arbitrate because:

> If the factual allegations of a dispute "touch matters" covered by an arbitration agreement, those matters should be arbitrated "whatever the legal labels attached to those allegations." . . .The present dispute preemptively depends upon contract interpretation. A determination whether the agreement licenses Mayo's use in "cell lines" of the patented technology both logically precedes and legally governs the contingent and prospective issue of patent infringement. [Dkt #40 at 3].

10. This Court's Order further cited to the Mayo Parties' argument in their Memorandum as persuasive that ". . . [i]f the arbitrator decides that the cell lines are not covered, only then will it need to be determined [in a district court] whether the cell lines are non-infringing or the patent is invalid." [Dkt #40 at 3].

11. Pursuant to this Court's Order, the parties proceeded to arbitration. On January 28, 2008, the arbitrator rendered a written opinion ("Arbitration Opinion").

12. The arbitration has been concluded as Ordered by this Court. As such, the Parties have fulfilled the requirements of this Court's order compelling arbitration and the litigation is ready to proceed.

13. AIA respectfully requests this Court to enter an Order reopening this case, lifting the stay which was entered pending arbitration, and scheduling a case management conference at the Court's convenience for the purposes of assessing the status of the pleadings and potentially to realign the Parties. At the time that the case was stayed, Plaintiffs had received an extension of time to serve their response to AIA's Amended Counterclaim.

## MEMORANDUM OF LAW

A district court has the power to issue or lift a stay incident to the power to manage its own docket. *See In re Air Crash Disaster at Florida Everglades on Dec. 29*, 549 F.2d 1006,

1012 (5th Cir. 1977). Federal Rule of Civil Procedure 16 gives the court the authority to set a scheduling conference. In light of the conclusion of the arbitration, it is necessary for the Court to reopen the case and lift the stay. AIA will be filing its Motion to Confirm the Arbitration Opinion shortly hereafter. The case management conference is requested for purposes of directing an orderly progression of the litigation.

WHEREFORE, Alzheimer's Institute of America, Inc. respectfully requests that this Court enter an order reopening this case, lifting the stay, and setting a Rule 16 scheduling conference.

Respectfully submitted,

_/s/ Richard H. Martin_____
Pedro F. Bajo, Jr., FBN 966029
Richard H. Martin, FBN 579831
AKERMAN SENTERFITT
401 E. Jackson St., Suite 1700
Tampa, FL 33601-3273
Tel: (813) 223-7333
Fax: (813) 223-2837
pedro.bajo@akerman.com
richard.martin@akerman.com

Dan Cleveland, Jr.
LATHROP & GAGE L.C.
4845 Pearl E. Circle, Suite 302
Boulder, CO 80301
Tel: (720)931-3012
Fax:720/931-3001
dcleveland@lathropgage.com

Frederick K. Starrett KS #9425
Jeffrey R. King KS #20735
LATHROP & GAGE, L.C.
Building 82, Suite 1000
10851 Mastin Boulevard
Overland Park, Kansas 66210-1669
Tel: (913) 451-5100; Fax: (913) 451-0875
David V. Clark
KS FED #70014
Email: dclark@lahtropgage.com
William A. Rudy
MO #36996
Email: wrudy@lathropgage.com
LATHROP & GAGE, L.C.
2345 Grand Boulevard, Suite 2800

Kansas City, Missouri 64108-2684
Tel: (816) 292-2000; Fax: (816) 292-2001
*Attorneys for Defendants Alzheimer's Institute of America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to: Courtney Nelson Wills, nelsonwills@fr.com; Christopher Torres, (ctorres@foley.com); Jonathan E. Singer, singer@fr.com; and Michael J. Kane, kane@fr.com; as counsel for Plaintiffs. I further certify that I mailed the foregoing document and the notice of electronic filing by U. S. Mail to the following:

Michael J. Kane
Fish & Richardson, P.C., P.A.
60 S. Sixth St.
Minneapolis, MN 55042

Jonathan E. Singer
Fish & Richardson, P.C., P.A.
60 S. Sixth St.
Minneapolis, MN 55402

Courtney Nelson Wills
Fish & Richardson, P.C., P.A.
60 S. Sixth St.
Minneapolis, MN 55402

Jeffrey R. King
Lathrop & Gage, L.C.
10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, KS 66210-1669

Frederick K. Starrett
Lathrop & Gage, L.C.
10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, KS 66210-1669

/s/ Richard H. Martin
Attorney