UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAYO CLINIC JACKSONVILLE, et al.,

      Plaintiffs,

v.                              CASE NO: 8:05-cv-639-T-23TBM

ALZHEIMER'S INSTITUTE
OF AMERICA, INC.,

      Defendant.

_____/

## **ORDER**

Without opposition, the defendant Alzheimer's Institute of America, Inc. ("AIA")

requests (Doc. 42) an order confirming an arbitration award.  Apparently, a January 28,

2008, arbitration opinion of Dr. David Marsh (the "Arbitration Opinion") either includes or

constitutes the arbitration award.  AIA acknowledges that the Federal Arbitration Act

(the "FAA") requires a party seeking an order confirming an arbitration award to file the

award with the Clerk.  See 9 U.S.C. § 13(b).  However, AIA has not filed the Arbitration

Opinion because "Plaintiffs have raised concerns that the Arbitration Opinion contains

their confidential business information."[1]  Although AIA has no objection to publicly filing

the Arbitration Opinion and the parties' arbitration agreement expressly provides for

entry of an award as a final judgment in a court of competent jurisdiction, AIA requests

(Doc. 43) leave to file the Arbitration Opinion under seal to satisfy the plaintiffs'

_____

     [1]  AIA states that "the Plaintiffs were unwilling to identify the confidential information.  They
have asserted generally that the entire Arbitration Opinion is confidential because the License
Agreement says it is so, but indicate generally a willingness to redact if ordered to do so."

concerns.  AIA's legal memorandum addresses the filing of discovery materials (not an arbitration award, which, once confirmed, effectively becomes a judgment of the court, see 9 U.S.C. § 13) under seal.  Additionally, AIA concedes that the common-law right of access to judicial proceedings applies to "motions that require judicial resolution of the merits" of a dispute.  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001).  In short, the "Unopposed Motion to Seal Documents and File in Paper Format" (Doc. 43) fails to demonstrate good cause for the relief requested and is **DENIED**.  Additionally, the "Motion to Confirm Arbitration Opinion" (Doc. 42) is **DENIED WITHOUT PREJUDICE**.  On or before **November 27, 2008**, the plaintiffs may file a properly supported motion pursuant to Local Rule 1.09 for leave to file the Arbitration Opinion under seal.  If the plaintiffs fail to so move by November 27, 2008, AIA may file a renewed motion to confirm the arbitration award and shall attach the award.  Otherwise, AIA shall await disposition of the plaintiffs' motion before filing a renewed motion.

Finally, AIA's "Motion to Re-Open Case, Lift Stay and Schedule Case Management Conference" (Doc. 41) is **GRANTED IN PART AND DENIED IN PART**. The stay of these proceedings is **LIFTED**, and the Clerk is directed to **RE-OPEN** the case.  On or before **December 20, 2008**, counsel shall meet for the purpose of filing a case management report as required by Local Rule 3.05.  However, AIA's request to schedule a case management conference "for the purposes of assessing the status of the pleadings and potentially to realign the parties" is **DENIED WITHOUT PREJUDICE**. Although the parties are free to move to re-align the parties if appropriate and to request

a preliminary pretrial conference in the case management report, the motion fails to

show a need for court intervention at this time.  A motion to re-align the parties shall be

filed on or before **December 14, 2008**.  The plaintiffs' time to respond to AIA's amended

counterclaim is enlarged pending further order.

ORDERED in Tampa, Florida, on November 24, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE