IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAYO CLINIC JACKSONVILLE,
MAYO FOUNDATION FOR MEDICAL
EDUCATION AND RESEARCH,
MYRIAD GENETICS, INC., AND
MYRIAD PHARMACEUTICALS, INC.,

    Plaintiffs,

v.

ALZHEIMER'S INSTITUTE OF AMERICA, INC.,

    Defendant.
_____/

Case No. 8:05-cv-639-T23-TBM
     8:05-cv-1049-T23-TBM

**JOINT MOTION TO CONFIRM ARBITRATION OPINION**

  Pursuant to Title 9, United States Code, Section 9, Defendant Alzheimer's Institute of America, Inc. ("AIA") and Plaintiffs Mayo Clinic Jacksonville and Mayo Foundation for Medical Education and Research (collectively "the Mayo Parties") and Myriad Pharmaceuticals, Inc. and Myriad Genetics, Inc. (collectively "the Myriad Parties") file their Renewed Motion to Confirm Arbitration Opinion.[1]  In support of the motion, the parties state as follows:

**Background and Procedural History**

  1. On December 18, 2003, AIA sued the Mayo Parties and the Myriad Parties for patent infringement.  That lawsuit was filed in District Court in Kansas (the "Kansas Lawsuit").

  2. On March 11, 2005, the Mayo Parties and the Myriad Parties filed this action in Hillsborough County Circuit Court seeking to compel arbitration (the "Tampa Lawsuit").

---

[1] The Court denied the prior motion, which was filed by AIA alone, without prejudice to renewing the motion after the confidentiality issues surrounding the Arbitration Opinion were resolved.  (Doc. #45 at 2.)

{TP444398;1}

3. On March 31, 2005, AIA filed its Answer, Affirmative Defenses and Counterclaim and its Notice of Removal of the Tampa Lawsuit to this Court (Doc #1-3). Although confidentiality provisions were cited by both parties, in their respective filings, it was noted that the dispute involved patent infringement relating to genetic material (Doc #1).

4. The Kansas Lawsuit was transferred to this Court resulting in Case No. 8:05-cv-1049-T-26TBM.

5. On June 27, 2005, the Mayo Parties and the Myriad Parties filed an Unopposed Motion to Transfer and Consolidate seeking to consolidate the Kansas Lawsuit with the Tampa Lawsuit. (Doc #20).

6. On July 28, 2005, the Mayo Parties and the Myriad Parties filed their Amended Complaint (Doc #25) and on September 2, 2005 AIA filed its Answer to Amended Complaint and its Amended Counterclaim (Doc #33).

7. On September 19, 2005, this Court entered an endorsed Order granting the Mayo Parties' and Myriad Parties' Unopposed Motion to extend the time for response to the Amended Counterclaim, until October 26, 2005 (Doc #38).

8. On October 13, 2005, this Court ordered arbitration of this matter in accordance with a License Agreement between the Mayo Parties, the Myriad Parties and AIA. In the same Order, the Court consolidated the Kansas Lawsuit and Tampa Lawsuit, stayed the litigation pending arbitration and administratively closed the case. (Doc #40).

9. This Court's Order required the parties to arbitrate because:

> If the factual allegations of a dispute "touch matters" covered by an arbitration agreement, those matters should be arbitrated "whatever the legal labels attached to those allegations."  . . .The present dispute preemptively depends upon contract interpretation. A determination whether the agreement licenses Mayo's use in "cell lines" of the patented technology both logically precedes and legally governs the contingent and prospective issue of patent infringement. (Doc #40 at 3).

10. This Court's Order further cited to the Mayo Parties' argument in their Memorandum as persuasive that ". . . (i)f the arbitrator decides that the cell lines are not covered, only then will it need to be determined (in a district court) whether the cell lines are non-infringing or the patent is invalid." (Doc. 40 at 3).

11. Pursuant to this Court's Order, the parties proceeded to arbitration. On January 28, 2008, the arbitrator rendered a written opinion ("Arbitration Opinion"). A true and correct copy of the Arbitration Opinion has been filed with the Court (Doc. 60).

12. More than 90 days have elapsed since the arbitrator's award was delivered.

13. Pursuant to the License Agreement and the Federal Arbitration Act, the parties seek to have the award confirmed.

## MEMORANDUM OF LAW

Title 9, United States Code, Section 9 provides that a party may apply to the court for an order confirming an arbitration award, "(i)f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration…." The arbitration agreement that is attached to the Mayo Parties' Amended Complaint (Doc# 25) as part of the License Agreement, Exhibit A thereto, provides that the arbitration decision shall be final and shall be submitted to the court for confirmation: "the arbitration results may be entered as a final judgment in any court with jurisdiction." (Paragraph 5, Exhibit A to License Agreement.)  As required under 9 U.S.C. §9, this Motion to Confirm is brought within one year after the arbitrator made the award.

The FAA presumes the confirmation of arbitration awards, and federal courts should defer to an arbitrator's decision whenever possible. *B.L. Harbert, Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 910 (11th Cir. 2006).  Judicial review of commercial arbitration awards is narrowly limited under the Federal Arbitration Act. *See* 9 U.S.C. § 10-11. Title 9, United States

Code, Section 9 provides that, upon timely application by a party, "the court must grant (an order confirming an arbitration award) unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title."

Any petition to vacate, modify or correct an arbitration award must be served within three months of when the award is filed or delivered. 9 U.S.C. § 12. The parties have not moved to vacate, modify or correct the award and are therefore barred from challenging the award. *Cullen v. Paine Webber, Jackson & Curtis, Inc.*, 863 F.2d 851 (11th Cir. 1989) (party barred from challenging confirmation of arbitration award where motion to vacate was not timely filed); *Insurdata Mktg. Serv. v. Healthplan Servs., Inc.,* 352 F. Supp. 2d 1252, 1255 (M.D. Fla. 2005) ("Section 10's exclusive defenses to confirmation are forever barred if not asserted within three months after the arbitral award."). Therefore, the parties request confirmation of the Arbitration Opinion and the entry of a judgment thereon.

WHEREFORE, the parties respectfully requests that this Court enter an order confirming the Arbitration Opinion and enter judgment on the award.

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas S. McClenahan<br>Michael L. Chapman, FBN 84355<br>HOLLAND & KNIGHT LLP<br>P. O. Box 1288<br>Tampa, FL 33601-1288<br>Tel: (813) 227-8500<br>Fax: (813) 229-0134<br><br>Jonathan E. Singer<br>Thomas S. McClenahan<br>Sara Cotton<br>Fish & Richardson P.C.<br>60 S. Sixth Street<br>Minneapolis, MN 55042<br>Tel: (612) 335-5070<br>Fax: (612) 288-9696<br><br>*Attorneys for Plaintiffs/Counter-Defendants Mayo Clinic Jacksonville, Mayo Foundation for Medical Education and Research, Myriad* | /s/ Pedro F. Bajo, Jr.<br>Pedro F. Bajo, Jr., FBN 966029<br>Richard H. Martin, FBN 579831<br>AKERMAN SENTERFITT<br>401 E. Jackson St., Suite 1700<br>Tampa, FL 33601-3273<br>Tel: (813) 223-7333<br>Fax: (813) 223-2837<br>pedro.bajo@akerman.com<br>richard.martin@akerman.com<br><br><br>William A. Rudy<br>LATHROP & GAGE LLP<br>2345 Grand Boulevard, Suite 2800<br>Kansas City, Missouri 64108-2684<br>Tel: (816) 292-2000<br>Fax: (816) 292-2001 |

| | |
|---|---|
| *Genetics, Inc. Myriad Pharmaceuticals, Inc.* | Email:  wrudy@lathropgage.com<br><br>Dan Cleveland, Jr.<br>Michael G. Martin<br>LATHROP & GAGE LLP<br>4845 Pearl E. Circle, Suite 302<br>Boulder, CO 80301<br>Tel: (720)931-3012<br>Fax:720/931-3001<br>dcleveland@lathropgage.com<br>mmartin@lathropgage.com<br><br>*Attorneys for Defendant/Counter-Plaintiff Alzheimer's Institute of America, Inc.* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all CM/ECF participants.

/s/ Richard H. Martin<br>Attorney

{TP444398;1}                    5