IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MAYO CLINIC JACKSONVILLE, et al, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 8:05-cv-639-T23-TBM |
| ) | Case No. 8:05-cv-1049-T23-TBM |
| ALZHEIMER'S INSTITUTE OF AMERICA, ) | |
| INC., ) | |
| Defendant. ) | |

**DEFENDANT AIA'S REPLY IN SUPPORT OF
ITS REQUEST FOR *MARKMAN* HEARING**

**I.      INTRODUCTION**

Defendant Alzheimer's Institute of America, Inc. ("AIA") has no desire to revisit any of its claim construction positions, and Plaintiffs' suggestion to the contrary is cut from whole cloth. Indeed, it is ***Plaintiffs'*** expert, Dr. Sangram Sisodia, that ***already*** deviated from the prior claim construction positions taken by both parties in an attempt to support his opinion concerning the validity of the patents at issue. AIA requested a *Markman* hearing because to the extent the Court does not adopt the construction Dr. Sisodia relies upon, Dr. Sisodia's report will become irrelevant and unhelpful to the trier of fact, and will be subject to exclusion. Given that AIA believes that Dr. Sisodia's position is both substantively and procedurally improper, it sought to resolve the matter sooner rather than later in hopes of streamlining and clarifying the issues moving forward.

AIA need not restate its reasons for requesting a *Markman* hearing in this reply but, given Plaintiffs' misstatement of AIA's intent and their failure to explain the nature of the very report giving rise to AIA's request, AIA below briefly details Dr. Sisodia's assertion of an entirely new and unfounded claim construction position and clarifies its intent in bringing the instant motion.

1

**II.     DISCUSSION**

Dr. Sisodia's recently disclosed opinion concerning the validity of the patent at issue turns largely on the meaning of the patent limitation, "an isolated fragment of said nucleic acid." In assessing this limitation, Dr. Sisodia purports to apply AIA's proposed construction, which is (in relevant part): "a nucleic acid . . . that encodes for a truncated APP isoform, a modified APP isoform, or other APP form." (Doc. No. 109, at p. 16; McCallon Decl., Ex. A, ¶ 113).  Dr. Sisodia keys on the inclusion of "APP forms" in AIA's proposed construction:

> I understand that under AIA's proposed construction for 'an isolated fragment of said nucleic acid,' the claimed fragment does not have to be a fragment of APP770.  Rather, it can be any nucleic acid 'that encodes for a truncated APP isoform, a modified APP isoform, or other APP form.'  I do not have any understanding as to what the term 'APP form' means.  However, AIA's construction indicates it must be something other than any one of the APP isoforms.  **Accordingly, it is my opinion that under AIA's construction, the claimed fragment may be contained within a nucleic acid unrelated to APP**.

(McCallon Decl., Ex. A, ¶ 113 (emphasis added)).  In stating that "APP form" under AIA's proposed construction "must be something other than any one of the APP isoforms," thus allowing the claimed fragment to be "contained within a nucleic acid unrelated to APP," Dr. Sisodia inexplicably ascribes to "APP form" (and the entire limitation) a breadth and meaning that directly contradicts the meaning AIA has expressly ascribed to that term and limitation.

AIA could not have been more clear in its *Markman* briefs in explaining the scope of its proposed construction for the limitation, "an isolated fragment of said nucleic acid."  As it expressly stated, "because the nucleic acid first identified in claim 1 encompasses the universal template for APP, *an 'isolated fragment of said nucleic acid' is simply any part of an <u>APP-encoding nucleic acid</u>*, so long as it encodes 'at least positions 4 and 5 of SEQ ID NO:1.'"  (Doc. No. 109, at p. 18 (emphasis added)).  Clearly, Dr. Sisodia's claim that AIA's proposed construction does not require the claimed fragment to relate to APP is demonstrably false.  Thus,

to the extent Dr. Sisodia claims to be merely applying AIA's proposed construction of the patent's fragment limitation in his report, he is wrong.

Moreover, Dr. Sisodia fails to even attempt to support his misrepresentation by reference to the intrinsic or extrinsic evidence.  The declaration he submitted in conjunction with Plaintiffs' *Markman* briefs further contains no reference to the idea that AIA's proposed construction of the claimed fragment—or the fragment limitation itself—is not limited to APP-encoding nucleic acids.  Thus, to the extent his blatant misrepresentation of AIA's proposed construction is, in effect, an entirely new construction (which, in one sense, it is—Dr. Sisodia expressly provides an "opinion" on "AIA's construction"), he is both wrong and untimely.  In any event, and far from wanting to change its own position, AIA believes that its current position precludes Dr. Sisodia from relying on his erroneous interpretation/construction.

In the absence of a *Markman* order from the Court, however, AIA felt constrained with respect to its options.  A *Markman* hearing, however, can give the parties some direction concerning claim construction issues, and will allow the parties and the Court to streamline and/or address related issues moving forward.

## III.    CONCLUSION

For the foregoing reasons, as well as those stated in AIA's initial motion, AIA respectfully requests that the Court set a *Markman* hearing for the purpose of addressing the parties' respective claim construction positions or, at a minimum, grant AIA an opportunity to further brief why Dr. Sisodia should not be permitted to rely on his erroneous interpretation/construction.  AIA further requests that the Court enter such other relief as it deems just and proper.

Respectfully submitted,

LATHROP & GAGE LLP

By: s/ William A. Rudy
    William A. Rudy
    David V. Clark
    LATHROP & GAGE LLP
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri 64108-2684
    Tel: (816) 292-2000
    Fax: (816) 292-2001
    wrudy@lathropgage.com
    dclark@lathropgage.com

    Pedro F. Bajo, Jr., FBN 966029
    Richard H. Martin, FBN 579831
    AKERMAN SENTERFITT
    401 E. Jackson St., Suite 1700
    Tampa, FL 33601-3273
    Tel: (813) 223-7333
    Fax: (813) 223-2837
    pedro.bajo@akerman.com
    richard.martin@akerman.com

    Dan Cleveland, Jr.
    Michael G. Martin
    LATHROP & GAGE LLP
    4845 Pearl E. Circle, Suite 302
    Boulder, CO 80301
    Tel: (720) 931-3012
    Fax (:720) 931-3001
    dcleveland@lathropgage.com
    mmartin@lathropgage.com

    *Attorneys for Defendant/Counter-Plaintiff Alzheimer's Institute of America, Inc.*

CC 2239427v1

5

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on January 26, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all CM/ECF participants.

<u>s/ William A. Rudy</u>
*Attorneys for Defendant/Counter-Plaintiff*
*Alzheimer's Institute of America, Inc.*